JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-1768-DMG (JCx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Christina Ramirez v. Rezolut Centrelake MSO LLC, et al.* | Page | 1 of 5 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2024, Plaintiff Christina Ramirez filed a Class Action Complaint in Los Angeles County Superior Court against Defendant Rezolut Centrelake MSO, LLC, alleging the following state law causes of action: (1) failure to pay minimum and straight time wages, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) failure to timely pay final wages at termination, (6) failure to provide accurate itemized wage statements, (7) failure to indemnify employees for expenditures, (8) failure to produce requested employment records, and (9) unfair business practices. [Doc. # 4-3 ("Compl.").]

Ramirez brings this action on behalf of the following proposed class: "All persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." Compl. ¶ 25.

On March 4, 2024, Rezolut timely removed the action to federal court, asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal ("NOR") at 2 [Doc. # 4]. Ramirez subsequently moved to remand the action to state court on the basis that Rezolut failed to demonstrate that the aggregate amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. [Doc. # 12 ("MTR")]. The MTR is fully briefed. [Doc. ## 14 ("Opp."), 15 ("Reply").]

For the reasons set forth below, the MTR is **GRANTED**.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-1768-DMG (JCx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Christina Ramirez v. Rezolut Centrelake MSO LLC, et al.* | Page | 2 of 5 |

## II.
## LEGAL STANDARD

CAFA confers district courts with jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Pursuant to 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Generally, courts determine whether an action is removable based on the complaint as it existed at the time of removal. 28 U.S.C. § 1332(d)(7); *Doyle v. OneWest Bank*, 764 F.3d 1097, 1098 (9th Cir. 2014).

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Ibarra*, 775 F.3d at 1199 ("Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). In such cases, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages. *Id.* (quoting *Allen*, 63 F.3d at 1335). Further, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197.

## III.
## DISCUSSION

### A.  Amount in Controversy

Defendant claims that the amount in controversy is over $5,424,300, including attorneys' fees. NOR at 19; Opp. at 14. Plaintiff argues that Defendant failed to prove its assertions regarding the amount in controversy by a preponderance of the evidence because it relied on unreasonable, conclusory assumptions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-1768-DMG (JCx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Christina Ramirez v. Rezolut Centrelake MSO LLC, et al.* | Page | 3 of 5 |

Defendant was not required to submit proof in its Notice of Removal that the aggregate amount in controversy is at least $5 million. *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) ("a notice of removal 'need not contain evidentiary submissions'"). Once its amount in controversy estimate is challenged, however, Defendant is required to support its assertions with competent evidence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citations omitted).

The Ninth Circuit has held the defendant's proper burden of proof to establish the amount in controversy is the preponderance of the evidence standard. *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 977 (9th Cir. 2013). This standard requires a defendant to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional threshold]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant, therefore, bears the burden to demonstrate it is more likely than not that the amount in controversy exceeds $5 million.

### 1. Defendant's Evidence

A removing defendant "is permitted to rely on a chain of reasoning that includes assumptions" to establish the CAFA amount in controversy so long as such assumptions are "reasonable." *Arias*, 936 F.3d at 926–927. Assumptions are reasonable when they are founded upon the complaint's allegations and have "some reasonable ground underlying them." *Id.*

Ramirez argues that Amanda Garlin's declaration, which Rezolut provides to support its amount in controversy calculations, is insufficient because it is conclusory and does not set forth summary judgment-like evidence. MTR at 13–14. Garlin based her declaration on her personal knowledge as the Human Resources Generalist for Rezolut and her review of employee records for the potential Class members. Declaration of Amanda Garlin ("Garlin Decl.") at ¶¶ 2–7 [Doc. # 4-1]. Garlin provided the figures that Rezolut used to calculate the estimates in its NOR: that Rezolut employed at least 345 non-exempt employees in California between June 24, 2022 and February 29, 2024;[1] those 345 employees typically worked eight hours per day and five days per week; they worked at least 13,176 workweeks between June 24, 2022 and February 29, 2024; the average hourly rate for these employees exceeded $15 per hour; and Rezolut employed at least 144 non-exempt employees in California who were terminated or quit between June 24, 2022 and December 21, 2023. *Id.*

---

[1] Rezolut acquired the business on June 24, 2022, and Garlin pulled the employee records on February 29, 2024. NOR ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-1768-DMG (JCx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Christina Ramirez v. Rezolut Centrelake MSO LLC, et al.* | Page | 4 of 5 |

Ramirez does not necessarily dispute the accuracy of the calculations, but rather, asserts that "nothing in her declaration reasonably precludes the possibility that the figures Ms. Garlin provides, or the calculations made using those figures, are unreliably inaccurate or fabricated from whole cloth altogether." MTR at 14. Ramirez is correct that Rezolut did not attach the records underlying Garlin's declaration, and courts in this district are divided as to whether declarations from human resources professionals, alone, are sufficient to establish CAFA removal. *See Alvarez v. Office Depot, Inc.*, No. CV 17-7220-PSG (AFMx), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (collecting cases). In general, however, courts have distinguished between declarations in which human resources professionals detail the method by which they arrived at the purported figures and attaches supporting documents, and those that do not.

For example, when this Court denied the motion to remand in *Bermejo v. Lab'y. Corp*, the Court noted that the removing defendant had provided "robust" evidence, including "over 660 pages of data reports and spreadsheets." No. CV 20-5337-DMG (SKx), 2020 WL 6392558 at *3 (C.D. Cal. Nov. 2, 2020). The Court contrasted that situation to those in *Davis v. Barney's Inc.* and *Garcia v. Wal-Mart Stores Inc.*, where the respective courts found the proffered declarations to be insufficient because they "failed to include any information about the method used to arrive at the estimates, and did not attach a single business record or supporting document" and "contained only conclusory statements with approximate numbers and failed to submit the records reviewed to obtain the numbers." *Id.*; No. 18-CV-6627, 2018 WL 4940801 (C.D. Cal. Oct. 11, 2018); 207 F. Supp. 3d 1114, 1122 (C.D. Cal. 2016).

Here, the seven-paragraph declaration by Garlin is the only evidence Rezolut submitted in support of its calculations. Rezolut relies on Garlin's declaration to assume one hour of unpaid wages each workday, one missed meal period each day, one missed rest period per day, and a $15 per hour wage rate. Opp. at 10–12. But Garlin attested only to the number of putative class members, the number of workweeks those employees worked, and Rezolut's "typical" hiring practices. Garlin Decl. ¶¶ 5–7. Courts have allowed a removing defendant who has produced summary-judgment-type evidence about facts within its knowledge "to make reasonable, conservative estimates about the frequency of the alleged violations based on the language used in the complaint." *Herrera*, 2014 WL 12586254, at *2 (citations omitted). Here, however, regardless of how "conservative" its estimates may be, Rezolut has failed to link its estimates to the limited evidence it has provided.

Nothing in Garlin's declaration, or in Ramirez's Complaint, supports an assumption that during every single week in the class period, every single class member was not paid for five hours of straight time wages, five missed meal periods, five missed rest breaks, and $10 of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-1768-DMG (JCx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Christina Ramirez v. Rezolut Centrelake MSO LLC, et al.* | Page | 5 of 5 |

unreimbursed business expenses. *See* Reply at 5. Consequently, Rezolut's calculations rest on "mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197; *see also Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (rejecting the defendants' "assumption that each employee missed two rest periods per week" because "the only evidence the defendants proffer[ed] to support their calculation of the controversy [was] a declaration by their supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages").

Therefore, the Court concludes that Rezolut failed to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $5 million jurisdictional threshold.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand is **GRANTED**. Ramirez's request for judicial notice is **DENIED as moot** because the Court did not rely on the subject documents in reaching its decision. The Court also **DENIES as moot** the Joint Request for Decision [Doc. # 18]. The Court hereby **REMANDS** this action to Los Angeles County Superior Court for lack of jurisdiction.

**IT IS SO ORDERED**.